IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN FLYNN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-0781 (RJL) |
| ) | |
| RENO CONSTRUCTION CO., LLC, ) | |
| ) | |
| Defendant. ) | |

## STIPULATION TO SETTLEMENT

It is hereby stipulated by and between Plaintiffs, the Bricklayers & Trowel Trades International Pension Fund and the fiduciaries of the International Masonry Institute, and Defendant, Reno Construction Co., LLC in the above-captioned action, by counsel, that the parties have reached a Settlement Agreement attached hereto as Exhibit A.

NOW, THEREFORE, the parties agree as follows:

1. Defendant and Plaintiffs consent to the Settlement Agreement executed by the parties and annexed hereto as Exhibit A;

2. Defendant agrees to pay Plaintiffs a total of $18,460.46 in settlement of this action pursuant to the payment schedule set forth in the Settlement Agreement;

3.   That upon payment of the total of $18,460.46 by Defendant, in accordance with the terms set forth in the attached Settlement Agreement, the parties will file a Stipulation of Dismissal of this action with the Court.

4.   If Defendant is in default of the Settlement Agreement as defined in the Settlement Agreement, the parties agree that Plaintiffs shall file a Stipulation to Entry of Judgment, and that Judgment shall be awarded consistent with the terms and amounts described in the Settlement Agreement.

Dated: ~~July~~, 2008
August 29

By: ___/s/___
Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
DICKSTEIN SHAPIRO LLP
1825 Eye Street, N.W.
Washington, D.C. 20006
(202) 420-2234 (Telephone)
(202) 420-2201 (Facsimile)

Attorneys for Plaintiffs

Dated: ~~July~~, 2008
August 29

By: ___/s___
Larry S. Logsdon, AL Bar No. 0832g691
WALLACE, JORDAN,
RATLIFF & BRANDT, LLC
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
(205) 874-0341

Attorneys for Defendants
Reno Construction Co., LLC

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Stipulation to Settlement, to be served by first-class mail, this 29th day of August, 2008, upon:

RENO CONSTRUCTION CO., LLC
1194 24th Avenue
Hueytown, AL 35023

*Chanda Morgan*
Chanda Morgan

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RENO CONSTRUCTION CO., LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 08-0781 (RJL) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SETTLEMENT AGREEMENT

This confirms the agreement between Reno Construction Co., LLC, ("Defendant"), and the Trustees of the Bricklayers & Trowel Trades International Pension Fund ("IPF") (also representing the interests of Plaintiffs the Bricklayers & Allied Craftworkers International Health Fund ("IHF"), and the International Union of Bricklayers and Allied Craftworkers International Masonry Institute ("IMI")).

WHEREAS, Plaintiffs allege that Defendant is bound to the terms of the collective bargaining agreement; and

WHEREAS, the Plaintiffs allege that the collective bargaining agreement has required, and continues to require, Defendant to make fringe benefit contributions to the IPF, IHF and IMI Funds to its employees performing covered work under the agreement; and

WHEREAS, the IPF alleges that Defendant has failed to satisfy its contribution obligations under the collective bargaining agreement it has signed by failing to make contributions, making contributions late, and/or failing to make contributions under the agreement; and

WHEREAS, the IPF, IHF, and IMI commenced litigation against Reno Construction Co., LLC in the United States District Court for the District of Columbia (Civil Case No. 08-0781) by filing a Complaint alleging failure to report correctly and failure to make the required contributions to the IPF, IHF and IMI, as revealed by an audit conducted by Calibre CPA Group PLLC; and

WHEREAS, the parties wish to resolve the matters in dispute between them;

NOW, THEREFORE, to resolve the above-mentioned litigation and in consideration of the mutual covenants and agreements herein contained and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Defendant and the IPF Parties hereby agree as follows:

1. Defendant denies the allegations of the complaint.

2. However, despite the denial by the Defendant, with respect to all claims for contributions and related damages due Plaintiffs by Defendant relating to work performed during the months of January 2003 through December 2005, and all time periods that were part of the complaint and subject to the above referenced audit, the parties have agreed to a full and final settlement whereby Defendant shall pay Plaintiffs a total of $18,460.46, as outlined below.

3. Defendant agrees to make the following payments, totaling $18,460.46, in satisfaction of the moneys owed the IPF for work performed in January 2003 through December 2005:

   a. July 1, 2008         $9,230.23  *paid 6-26-08 check 6009*
   b. August 1, 2008       $769.19    *paid 7-24-08 check 6094*
   c. September 1, 2008    $769.19
   d. October 1, 2008      $769.19

|    |                   |          |
|----|-------------------|----------|
| e. | November 1, 2008  | $769.19  |
| f. | December 1, 2008  | $769.19  |
| g. | January 1, 2009   | $769.19  |
| h. | February 1, 2009  | $769.19  |
| i. | March 1, 2009     | $769.19  |
| j. | April 1, 2009     | $769.19  |
| k. | May 1, 2009       | $769.19  |
| l. | June 1, 2009      | $769.19  |
| m. | July 1, 2009      | $769.14  |

Defendant agrees that the above payments will be received on or before each respective due date. Payments under this Settlement Agreement are to be sent to Ira R. Mitzner, Esq., Dickstein Shapiro LLP, 1825 Eye Street N.W., Washington DC 20006. Checks should be made payable to "Bricklayers International Pension Fund." Nothing herein shall in any way lessen any future obligations or responsibilities with regard to contributions or reports that Defendant may have under any collective bargaining agreements.

4. Defendant agrees that each of the monthly payments described above shall be received by the first of each month in which they are due. There will be no pre-payment penalty assessed against Defendant. If Defendant fails to remit a scheduled payment by the due date, Defendant shall have a 15-day grace period to remit the delinquent payment. If payment is not received within 15 days from the scheduled due date of the delinquent payment, Defendant shall be considered in default for purposes of this Settlement Agreement. There will be no penalties, fines, or interest assessed by Plaintiffs against Defendant if the payments listed above are made within fifteen (15) days of their scheduled due date. Defendant shall also be considered in default if it fails to comply with any of the other terms of this Settlement Agreement.

5. The parties further agree to execute the Stipulation to Entry of Judgment in the amount of $18,460.46, simultaneously with, and as a condition of, this Settlement Agreement. The Stipulation to Entry of Judgment shall be held by Counsel for Plaintiffs and filed with the Court by the Plaintiffs and enforced only in the event of a default by Defendants, as outlined below. So long as Defendant is not in default according to the payment plan outlined above, Plaintiffs agree not to file or seek to execute on the Stipulation to Entry of Judgment against Defendant. Plaintiffs shall not file the Stipulation to Entry of Judgment without giving seven days written notice to the Defendant.

6. Any amount paid by the Defendant or its bonding companies will be subtracted from the total amount due on the Stipulation to Entry of Judgment, such that Plaintiffs shall collect all amounts necessary to satisfy the outstanding balance of the Judgment. Additionally, Plaintiffs shall collect interest on the Stipulation to Entry of Judgment amount to run from the date of the default, as defined above.

7. When the IPF has received $18,460.46 from Defendant, it shall file a Stipulation of Dismissal with the Court.

8. This Settlement Agreement may not be changed or altered except by written consent of all parties.

9. Each of the undersigned parties and its counsel have reviewed and revised this Settlement Agreement in the normal rule of construction to the effect that any ambiguities that are to be resolved against the drafting party shall not be employed in the interpretation of this document.

10. Each of the undersigned parties acknowledges and represents that it has been represented by counsel in connection with its consideration and execution of this Settlement

Agreement. Each undersigned party further represents and declares that in executing this document, it has relied solely on its own judgment, belief and knowledge and the advice and recommendation of its own independently selected counsel concerning the nature, extent and duration of its rights and claims and has not been influenced to any extent whatsoever in executing this document by any representation or statements except those expressly contained herein.

11. This Settlement Agreement shall be governed by the laws of the District of Columbia without regard to conflict of law principles.

THIS SPACE INTENTIONALLY LEFT BLANK

12. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and shall be deemed duly executed upon the signing and notarization of the counterparts of other parties.

AGREED TO AND ACCEPTED:

Reno Construction Co., LLC

By _____
Name/Title

Sworn to and subscribed before me this 29 day of July, 2008

_____
Notary Public
My commission expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Oct 31, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS



TRUSTEES, IPF by their counsel,
DICKSTEIN SHAPIRO LLP

By _____
Charles V. Mehler III, Counsel

6

2460235
DSMDB-2468664v01